# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Dwayne-Anthony Berger,

        Movant,

v.

United States of America,

        Respondent.

_____/

Criminal Action No.
1:00-cr-833-3-MLB

Civil Action No.
1:25-cv-3752-MLB

## ORDER

A Magistrate Judge issued a Report and Recommendation ("R&R"), saying this Court should dismiss Movant Dwayne-Anthony Berger's motion to vacate his conviction and deny him a Certificate of Appealability. (Dkt. 204.) Movant objected. (Dkts. 207-09.)[1]

## I.  Background

In 2001, a federal jury convicted Movant of conspiring to commit a bank robbery and other related crimes. (Dkt. 130). The Eleventh Circuit

---

[1] The Court cites the docket for the criminal case throughout this order.

affirmed his conviction. *United States v. Berger*, 375 F.3d 1223 (11th Cir. 2004). This Court denied his motion for a new trial. (Dkt. 159.) Movant filed a petition under 28 U.S.C. § 2255 to vacate his conviction and sentence, and the Court denied it as well. (Dkts. 175, 182.) He filed his current motion under the same statute. (Dkt. 203.)

Section 2255(h) adopts the "successive petition" rules included in 28 U.S.C. § 2244(b). Under that provision, a movant who wants to file a second or successive habeas petition must show either "newly discovered evidence" that would "establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." *See* 28 U.S.C. § 2244(b). In addition, before a movant can file a second or successive petition under either of these grounds, he or she must first file a motion "in the appropriate circuit court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Since Movant filed nothing to suggest he obtained that permission from the Eleventh Circuit, the Magistrate Judge concluded this Court lacks

jurisdiction to consider Movant's petition and thus recommends dismissal. (Dkt. 204 at 2.)[2]

## II. Legal Standard

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Under 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

---

[2] The Magistrate Judge reached this conclusion under Rule 4 of the Rules Governing Section 2255 Proceedings, which requires a district court to "promptly examine" motions brought under § 2255 and dismiss them "[i]f it plainly appears" from the motion and other documents that movant is not entitled to relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (Rule 4 dismissal appropriate when petition "appears legally insufficient on its face").

### III. Discussion

In his objections, Movant insists his motion is not successive because he relies on newly discovered, exculpatory evidence. While that allegation might meet one requirement for getting around the successive petition bar, this Court cannot consider his motion until Movant (1) files a motion in the United States Court of Appeals for the Eleventh Circuit and (2) obtains an order from that court authorizing this Court to move forward. Until then, this Court lacks jurisdiction. *See Armstrong v. United States*, 986 F.3d 1345, 1348 (11th Cir. 2021) (if movant fails to obtain authorization from circuit court, district court must dismiss second § 2255 motion for lack of jurisdiction). Movant raises no objection to the Magistrate Judge's conclusion that he failed to do these things. This Court sees no error in that conclusion.

### IV. Conclusion

The Court **ADOPTS** the Magistrate Judge's Final Report and Recommendation (Dkt. 204), **OVERRULES** Movant's objections (Dkts. 207-09), and **DISMISSES** Movant's motion to vacate his sentence and conviction (Dkt. 203). The Court further agrees with the Magistrate Judge's conclusion that Petitioner has failed to make "a substantial

showing of the denial of a constitutional right" and thus **DENIES** a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (discussing the standard for issuing a certificate of appealability when a court denies relief on procedural grounds). The Clerk is **DIRECTED** to **CLOSE** civil action number 1:25-cv-3752-MLB.

    **SO ORDERED** this 30th day of September, 2025.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

5